UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

November 12, 2019

LETTER TO COUNSEL

      RE:    *Angel C. v. Commissioner, Social Security Administration*;
               Civil No. DLB-18-3216

Dear Counsel:

On October 17, 2018, Plaintiff Angel C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 10, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on March 4, 2015, alleging an onset date of January 1, 2009.[1] Tr. 196-211. Her claims were denied initially and on reconsideration. Tr. 116-20, 130-33. A hearing was held on July 11, 2017, before an Administrative Law Judge ("ALJ"). Tr. 42-65. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-19. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "mood disorder, psychosis, anxiety disorder, back disorder, and neck disorder." Tr. 13 (citations removed). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except the claimant: can perform only occasional postural activity; cannot climb; cannot have more than occasional contact with coworkers, supervisors, or the general

---

[1] Plaintiff subsequently amended her alleged onset date to March 4, 2015. Tr. 10.

>  public; and, is limited to performing only simple, repetitive, routine tasks performed at a routine pace throughout the course of the workday.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform past relevant work as a nurse aide, cashier, or medical technician, but could perform other jobs existing in the national economy. Tr. 18-19. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 19.

Plaintiff makes two primary arguments on appeal: (1) that the ALJ's RFC assessment was flawed; and (2) that the ALJ's assessment of Plaintiff's credibility was not supported by substantial evidence. ECF 10-1 at 3-14. I agree that the ALJ's RFC assessment did not adequately address Plaintiff's moderate limitations in concentration, persistence, or pace, and therefore grant remand under sentence four.

In *Mascio v. Colvin*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of Plaintiff's "moderate difficulties" in concentration, persistence, or pace. 780 F.3d 632, 638 (4th Cir. 2015). At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than

unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 14. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. The claimant reported that she has difficulty concentrating; however, the claimant reported that she spends time reading and watching television and movies without difficulty.

*Id.* (internal citations omitted). That analysis contains no discussion of Plaintiff's ability to sustain work over a typical workday. The daily tasks cited by the ALJ are not typically tasks that are sustained over eight-hour, or even two-hour, periods.

After making a finding that Plaintiff had a moderate limitation in concentration, persistence, or pace, the ALJ restricted Plaintiff only to "simple, repetitive, routine tasks performed at a routine pace throughout the course of the workday," Tr. 15, which is directly analogous to the limitations deemed insufficient in *Mascio*. 780 F.3d at 638 (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). In the step three section of the opinion and in the RFC assessment, the ALJ provided no specific analysis regarding his reasons for finding that Plaintiff's moderate limitation in concentration, persistence, or pace is directly related to the complexity or the routine nature of the tasks she is asked to perform. The ALJ assigned "little weight" to Plaintiff's treating source's opinion that Plaintiff's mental limitations would result in distraction even with simple tasks, *see* Tr. 436-37 (opining that Plaintiff was precluded from "maintain[ing] attention and concentration for at least two straight hours with at least four such sessions in a workday" and "complet[ing] a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rests"), because Plaintiff's treatment records suggested that she was stable on her medications, Tr. 17. The ALJ explicitly concurred with the opinions of the State consultants, including two mental RFC assessments. Tr. 17. Both assessments opined that Plaintiff had moderate limitations in her ability to sustain concentration and persistence. Tr. 73,

84-85, 100, 112. At the initial level, State consultant, Dr. Lessans, opined that Plaintiff "ha[d] some anxiety symptoms which interfere[d] with task persistence." Tr. 73, 84-85. On reconsideration, State consultant, Dr. Bauer, opined that Plaintiff "[could] persist at simple and routine tasks for a regular workday at an appropriate pace and [could] sustain at [that] level over an extended period of time." Tr. 100, 112. Dr. Bauer provided no narrative explanation or citation to record evidence to justify his conclusion. Like Dr. Bauer, the ALJ offered no explanation as to why Plaintiff's issues with concentration and persistence did not affect her ability to sustain work over an eight-hour workday. In the absence of such analysis, and with Plaintiff's treating source and a State consultant suggesting that the limitations applied even to simple work, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace of work, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

The Commissioner argues that the ALJ's RFC assessment sufficiently accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. ECF 17-1 at 7-9. For support, the Commissioner cites to *Sizemore v. Berryhill*, 878 F.3d 72, 79 (4th Cir. 2017), *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished), and this Court's decision in *Teresa B. v. Comm'r, Soc. Sec. Admin.*, SAG-18-2280, 2019 WL 2503502 (D. Md. June 17, 2019).

In *Sizemore*, the Fourth Circuit affirmed an ALJ's denial of benefits in which the ALJ included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." *Sizemore*, 878 F.3d at 79 (alterations in original). The Fourth Circuit in *Perry* explained that the additional "descriptors" in *Sizemore* "helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations." *Perry v. Berryhill*, 765 F. App'x 869, 872 n.1 (4th Cir. 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). Similarly, in *Teresa B.*, the ALJ included an RFC provision limiting Plaintiff to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." 2019 WL 2503502, at *2. Noting the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that ALJ's failure to define "production rate or demand pace" frustrated appellate review), this Court determined that, considering the ALJ's explanation, the RFC adequately accounted for Plaintiff's limitation in concentration, persistence, or pace. *Id.* The Commissioner's citation to *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished), is unpersuasive, as that opinion was simply a one paragraph decision affirming the district court's judgment, and did not contain any discussion of the ALJ's RFC assessment or the phrase "nonproduction pace rates."

The Commissioner implies that, here, the ALJ's inclusion of "at a routine pace throughout the course of the workday" is analogous to the "descriptors" present in *Sizemore*, and

he takes issue with Plaintiff's argument that the ALJ should have defined "at a routine pace." ECF 17-1 at 10; ECF 10-1 at 7 (citing to *Thomas v. Berryhill*, 916 F.3d at 312-13). For support, the Commissioner cites to several dictionaries to define "routine" and concludes that "the RFC in this case limits Plaintiff to performing work at an ordinary, usual, or typical pace." ECF 17-1 at 11. However, a statement asserting a lack of limitation, without an accompanying explanation, does not satisfy the *Mascio* requirement, and the ability to perform at a routine pace throughout the workday is neither a limitation nor is it an explanation for a lack of a limitation. Therefore, this case is not distinguishable from *Mascio*, and remand is warranted.

Plaintiff's other argument is less persuasive. Plaintiff contends that the ALJ's credibility assessment is not supported by substantial evidence. ECF 10-1 at 11-14. Regarding Plaintiff's credibility, the ALJ concluded:

> [t]he claimant's allegations of disability are not fully consistent with the medical evidence of record. The claimant has had only conservative treatment and medications, she is able to perform extensive activities of daily living, she has had no mental health hospitalizations or crises, and she has had relatively good GAF scores.

Tr. 17. The ALJ's evaluation included citations to Plaintiff's medical records showing that she received conservative treatment for her mental health impairments, including only receiving medication management services since 2015, and that she consistently reported doing well when she was compliant with her medications. Tr. 16; *see, e.g.*, Tr. 365-92 (reporting approximately 20-minute medication management visits), 397-423 (same), 427-34 (same), 443-68 (same).

Plaintiff further contends that the record does not support the ALJ's finding that she is able to perform extensive activities of daily living. ECF 10-1 at 12. The ALJ noted that Plaintiff reported that she shops, cooks, cleans, and spends time with others. Tr. 15 (citing Plaintiff's statements in her Function Report, Tr. 273-75). The ALJ also noted that "with medication compliance, the claimant reported she was feeling well, she was going to church, and she was helping take care of her grandchildren," and in November of 2015, Plaintiff reported that "work [was] going well." Tr. 16; *compare* Tr. 480 (reporting Plaintiff had been taking her medication and that she was "feeling good," "joyful and laughing more," had been "taking care of her grandchildren and going to church," with a good appetite and good energy) *with* Tr. 476 (reporting that Plaintiff "ha[d] been out of her medication for a while now" and was depressed, irritable, angry, and not sleeping well); *see also* Tr. 443 (reporting that "work [was] going well").

While the ALJ arguably could have more clearly articulated Plaintiff's allegations from her hearing testimony that her medications make her sleepy, Tr. 53, 57, the ALJ cited to treatment records from 2016 and 2017 that indicated Plaintiff "was sleeping well, she was stable, and her energy and appetite were good, when she was compliant with her medications," Tr. 16; *see, e.g.*, Tr. 512 (Plaintiff "[s]tates that things are going well. Mood has been pretty good, stable. . . . Sleeping well, appetite is good, energy is good. Denies adverse effects."). My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was

reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find that the ALJ's evaluation of Plaintiff's subjective complaints was supported by substantial evidence.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 10, and Defendant's Motion for Summary Judgment, ECF 17, will be denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment will be reversed in part due to inadequate analysis, and the case will be remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge